IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAFAEL SALAS,

    Petitioner,

v.

C. E. DUCART,

    Respondent.
                                   /

No. C 14-2938 YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

      This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus."  Dkt. 1.  Petitioner also seeks leave to proceed *in forma pauperis*, which is now granted.  Dkt. 5.

      The instant petition does not challenge either the fact of Petitioner's conviction or the length of his sentence.  Rather, it pertains to the conditions of Petitioner's confinement.  Such claims are typically presented in a civil rights action.  *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

      The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas.  *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996).  However, the Ninth Circuit has held that a habeas action is an improper vehicle to address claims based on the prisoner's conditions of confinement.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a section 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), but is not required to do so. Since the *Wilwording* case, there have been notable changes in the law. For instance, the filing fee for a habeas petition is $5.00; if leave to proceed *in forma pauperis* is granted, the fee is forgiven. In civil rights cases, however, the applicable fee is $400.00. Under the Prisoner Litigation Reform Act, the prisoner is required to pay the entire amount. Even if granted leave to proceed *in forma pauperis*, the prisoner must still pay the $350.00 filing fee (though not the $50.00 administrative fee), by way of deductions from his or her prisoner account. In addition, the pleading forms applicable to habeas actions are different than for a civil rights action. Thus, information that is important in a civil rights case (such as whether the prisoner fully exhausted his claims) is not included in a habeas form petition. Given these distinctions, the Court finds that the preferable course of action is to dismiss the action without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice to refiling as a civil rights action. The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner *in forma pauperis* application form along with his copy of this Order.

The Clerk shall enter judgment, terminate all pending motions and close the file.

This Order terminates Docket No. 4.

IT IS SO ORDERED.

DATED:     August 15, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**